UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JILL CARUSO, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:23-cv-10479 |
| v. | ) |
| | ) |
| AMBA, Inc., a Michigan for profit corporation, | ) Judge: |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, **JILL CARUSO**, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant **AMBA, Inc.,** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, **JILL CARUSO**, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by

the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, **Jill Caruso** ("Plaintiff" or "Ms. Caruso") is a Monroe County, Michigan resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant AMBA, Inc. owns and/or operates the Super 8 by Wyndham Marysville/Port Huron Area, which is a hotel located at 1484 Gratiot Blvd. Marysville, MI 48040 in St. Clair County.

6. Upon information and belief, the hotel owned and operated by the Defendant was originally built by the Defendant commencing in 1999 and granted permits for occupancy in 2000 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7. Upon information and belief, the facility owned or operated by the Defendant AMBA, Inc. is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, lease to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for

complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

8. Plaintiff, Ms. Caruso, is diagnosed with spina bifida, uses a wheelchair for mobility and qualifies as an individual with disabilities as defined by the ADA. As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Facilities within Port Huron, MI routinely host adaptive sporting athletic events including sled hockey and wheelchair basketball and Ms. Caruso frequents the Port Huron, MI area several times annually to support her friends as a spectator at these events. On the date of Ms. Caruso's stay she was present for a wheelchair basketball tournament.

10. On September 30, 2022 - October 1, 2022, Plaintiff was an overnight hotel guest of the Defendant's property, and she plans to return to the property to avail herself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subjects property. The barriers to access at the property have endangered her safety and protected access to Defendants' place of public accommodation.

11. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin

such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

12. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13. The Defendant, **AMBA, Inc.** has discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendant has discriminated and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992

(or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the Super 8 by Wyndham Marysville/Port Huron Area hotel, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

**Parking and Accessible Route**

A. There is no marked access aisle in the vehicle pull-up space at the hotel passenger loading one, in violation of the ADA section 503.2 of the 2010 Standards, whose remedy is readily achievable.

**Access to Goods and Services**

B. At the front desk, a lower transaction counter is not provided, in violation of the ADA section 904.4 of the 2010 Standards and 1991 ADAAG section 7.2(1), whose remedy is readily achievable.

C. In the guest laundry the washers are not accessible as the operable part are out of reach range, in violation of the ADA sections 308 and 309 of the 2010 Standards and 1991 ADAAG section 4.27.3, whose remedy is readily achievable.

D. At the indoor swimming pool there are not two accessible means of entry including no adaptive pool lift, in violation of the ADA section 242.2 of the 2010 Standards whose remedy is strictly required.

**Mobility Accessible Guest Room #111**

E. In accessible guest room #111, the guestroom door security latch is too high and out of the maximum height reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is readily achievable.

F. In accessible guest room #111, the clothing iron is too high and out of the maximum reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is readily achievable.

G. In accessible guest room #111, the closet coat hangers and rod are too high and out of the maximum reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is readily achievable.

H. In accessible guest room #111, the bathroom doorknobs to the restroom are not accessible as they require tight grasping and twisting, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is readily achievable

I. In accessible guest room #111 bathroom, the water and drainpipes under the lavatory are not adequately insulated in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is readily achievable.

J. In accessible guest room #111 bathroom, the hair dryer is too high and out of the maximum height reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is readily achievable.

K. In accessible guest room #111 bathroom, the towel rack is too high and out of the maximum height reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is readily achievable.

L.  In the accessible guest room #111 bathroom, the flush handle is not located on the open side of the toilet, in violation of the ADA section 604.6 of the 2010 Standards and 1991 ADAAG section 4.18.4, whose remedy is readily achievable.

M.  In accessible guestroom #111 bathroom, the Transfer Type Shower is out of compliance because the Back Wall Grab Bars are mounted incorrectly, in violation of the ADA and section 608.3.1 of the 2010 Standards, whose remedy is readily achievable.

N.  In accessible guestroom #111 bathroom, the threshold of the shower is out of compliance, in violation of the ADA and section 608.7 of the 2010 Standards, whose remedy is readily achievable.

O.  In accessible guestroom #111 bathroom, the clear width opening to the transfer shower is out of compliance due to a, in violation of the ADA and section 608.7 of the 2010 Standards, whose remedy is readily achievable.

**Mobility Accessible Guest Room fitted with a Roll-In Shower**

P.  In accessible guestroom fitted with a standard roll-in shower compartment, the roll-in in shower is out of compliance because the controls, faucets, and shower spray unit are not installed on the back wall adjacent to the seat wall, in violation of the ADA and section 608.5.2 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

Q.  In accessible guestroom fitted with a standard roll-in shower compartment, the roll-in in shower is out of compliance because the threshold of the shower is out of compliance, in violation of the ADA and section 608.7 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

**Mobility Accessible Guestrooms Generally**

R.  The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers guest rooms with 2 double beds, 2 queen beds, and also Family Suite with 3 beds separate living area, parlor, whirlpool, sofa bed.  These offer varying square footage and amenities available only to able bodied guests. However, guests who require accessible accommodations are restricted to fewer room classes and guestroom amenities, as well as strictly rooms with one bed, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and its remedy is readily achievable.

S.  Upon information and belief, Jill Caruso believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel (not just room #111). Including the other bathtub or transfer shower fitted mobility accessible guestrooms and roll-shower fitted mobility accessible guestrooms.

T.  Upon information and belief the Super 8 by Wyndham Marysville/Port Huron Area has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 70 guestrooms such as this Super 8, there must be a minimum of 3 mobility accessible guestrooms without a roll-in shower and a minimum of 1 of mobility accessible guestrooms with a roll-in shower, totaling 4 designated mobility accessible guestrooms.

**Policies and Procedures**

O.      The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

P.      The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Jill Caruso.

16.      The discriminatory violations described in Paragraph 15 by Defendant AMBA, Inc. are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17.      Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18.      The hotel at issue, as owned and operated by AMBA, Inc., constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19.     Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20.     The Plaintiff and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21.     Pursuant to 42 U.S.C. §12187 and §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this hotel unless it would be structurally impracticable or at minimum to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff request reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**
**M.C.L. § 37.1301 *et seq*.**

22.     Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23.     AMBA, Inc. operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

24.     Defendant has committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, Defendant has constructed its hotel with barriers that deny its customers with mobility impairment equal access or failed to undertake the readily achievable barrier removal necessary to provide Ms. Caruso, and others with mobility impairments, safe and accessible means of patronizing the businesses on the property. This includes for the important purpose of bathing safely in her/their transient lodging guestroom.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.

Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222

Toledo, OH 43615  
(419) 241-9661 – Phone  
Monroe, MI (734) 240-0848  
(419) 241-9737 - Facsimile  
dunnlawoffice@sbcglobal.net